IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT GLASGOW | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:17-CV-341 |
| ALLIED PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant, Allied Property and Casualty Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Robert Glasgow v. Allied Property and Casualty Insurance Company*; Cause No. cv34293, in the 266th Judicial District, Erath County, Texas.

## I.
## BACKGROUND

1.      Plaintiff Robert Glasgow (hereinafter "Plaintiff") initiated the present action by filing his Original Petition in Cause No. cv34293, in the 266th Judicial District, Erath County, Texas on March 9, 2017 (the "State Court Action").  *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2.      Defendant appeared and answered on April 21, 2017, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.  *See* Defendant's Original Answer, attached as **Exhibit B**.

3.      Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**.  A full copy of the state court file and docket sheet has been obtained and is attached as **Exhibit C**.

4.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 266th Judicial District, Erath County, Texas.

5.      Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.      Diversity of Parties**

7.      Plaintiff is domiciled in Erath County, Texas.  *See* **Exhibit A**, ¶ 1.   Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8.      Allied Property and Casualty Insurance Company is organized under the laws of Iowa and maintains its principal place of business in Iowa.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Allied is a citizen of the State of Iowa.

9.      Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.      Amount in Controversy**

10.      Plaintiff's Original Petition states that Plaintiff alleges that damage to the metal roof on the property "are in an amount of approximately $51,000.00."  *See* Plaintiff's Original Petition,

**Exhibit A**, ¶ 12.  Plaintiff seeks additional undisclosed amounts for property damage to personal and business property, including business files, and for remediation of interior leaking.  *Id.* at ¶¶ 13, 20. Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling him to a trebling of actual damages under Texas Insurance Code Chapter 541. *Id.* at ¶¶ 42, 43, 45; Tex. Ins. Code §§ 541.002 & 541.152.  Plaintiff's claim for treble damages, based off only the roofing damage claimed, totals an additional $102,000. **Exhibit A** at ¶¶ 12, wherefore clause (p. 10).  Plaintiff seeks attorney's fees in an undisclosed amount, pre and post-judgment interest, and costs of court.  *Id.* at wherefore clause (p. 10).  Penalties, exemplary damages, and attorneys' fees are all included as part of the amount in controversy.[1]  The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

11.     The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## III.
## CONCLUSION

12.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

13.     WHEREFORE, Defendant Allied Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

---

[1]     *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Respectfully submitted,

*/s/ Patrick M. Kemp*

Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 - Facsimile

**ATTORNEYS FOR DEFENDANT ALLIED
PROPERTY AND CASUALTY INSURANCE
COMPANY**

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail, return receipt requested on this 21st day of April, 2017 to:

Kent Canada                                        *9414 7266 9904 2061 9258 08*
1900 Preston Road #267
Plano, Texas 75093
attorney@kentcanadalaw.com

*/s/ Patrick M. Kemp*

Patrick M. Kemp