# Exhibit A



# Notice of Service of Process

**Transmittal Number:** 16441032  
null / ALL  
**Date Processed:** 03/30/2017

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Kevin Jones<br>Cassandra Struble |
| **Entity:** | Allied Property And Casualty Insurance Company<br>Entity ID Number  0129900 |
| **Entity Served:** | Allied Property and Casualty |
| **Title of Action:** | Robert Glasgow vs. Allied Property and Casualty Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Erath County District Court, Texas |
| **Case/Reference No:** | cv34293 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/30/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Attorney at Law<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**  
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com



9214 8901 0661 5400 0104 5534 39

**RETURN RECEIPT (ELECTRONIC)**

**CV34293**

ALLIED PROPERTY AND CASUALTY
BY AND THROUGH ITS REGISTERED AGENT,
CORPORATION SERVICE COMPANY
211 E 7TH ST STE 620
**AUSTIN, TX 78701-3218**

CUT / FOLD HERE

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

IMpbCertified8x5Label v2016.09.29.91

## ALIAS CITATION

THE STATE OF TEXAS

TO:   ALLIED PROPERTY AND CASUALTY
By and Through its Registered Agent, CORPORATION SERVICE COMPANY
211 E. 7TH ST., STE 620
AUSTIN, TX 78701-3218

Defendant, in the hereinafter styled and numbered cause:

You are hereby commanded to appear before the 266th Judicial District Court of Erath County, Texas, to be held at the courthouse annex and of said County in the City of Stephenville, Erath County, Texas, by filing a written answer to **ORIGINAL PETITION FOR DECEPTIVE TRADE, BREACH OF DUTY OF GOOD FAITH, BREACH OF CONTRACT AND NEGLIGENCE** at or before 10:00 o'clock, A.M., of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in Cause Number CV34293, styled **ROBERT GLASGOW vs. ALLIED PROPERTY AND CASUALTY** filed in said court on the 9th day of March, 2017.

The name and address of the attorney for plaintiff, or the address of plaintiff is: KENT CANADA ♦ P.O. BOX 238 ♦ PLANO, TX 75093.

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

WITNESS, Wanda Pringle, District Clerk, of the 266th Judicial District Court of Erath County, Texas.

Issued and given under my hand and seal of said Court at office, this the 28th day of March, 2017.

Wanda Pringle, District Clerk
Erath County, Texas

By: _____
JAN BROWN, Deputy
Address:   Erath County Courthouse Annex
Room 108
Stephenville, TX 76401

FILE NO. CV34293

266TH DISTRICT COURT
ERATH COUNTY, TEXAS

**ROBERT GLASGOW**
vs.
**ALLIED PROPERTY AND CASUALTY**

ALIAS CITATION

Issued 28th day of March, 2017
Wanda Pringle
Clerk, 266th District Court
Erath County, Texas

By: _____, Deputy

OFFICER'S RETURN

Came to hand on the _28_ day of _March_, _2017_, at _11:40_ o'clock, _A_.M., and executed in _Erath_ County, Texas by mailing to the within named Defendant, by certified mail, with delivery restricted to the addressee only, return receipt requested, a true copy of this citation as shown by the hereinbelow attached return receipts.

_Wanda Pringle_
District Clerk

By _____
Deputy

_Erath_, County, Texas

Case 4:17-cv-00341-A Document 1-1 Filed 04/21/17 Page 6 of 14 PageID 16

Filed for Record at
3/9/2017 3:07:00 PM
Jan Brown
Clerk of the District Court
Erath County, Texas

COPY

No. cv34293

| | | |
|---|---|---|
| ROBERT GLASGOW, | | IN THE 266 JUDICIAL DISTRICT COURT |
| Plaintiff, | | |
| v. | | COUNTY OF ERATH |
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, | | |
| Defendant. | | STATE OF TEXAS |

### ORIGINAL PETITION FOR DECEPTIVE TRADE, BREACH OF DUTY OF GOOD FAITH, BREACH OF CONTRACT AND NEGLIGENCE

For his original petition against Robert Glasgow, Plaintiff would respectfully show the Court:

**Parties and Discovery Level**

1. Plaintiff is an individual residing in Erath County, Texas.

2. Defendant is Allied Property and Casualty Insurance Company, a foreign insurance company registered to do business in Texas. Defendant can be served by serving CT Corporation System, its registered agent, at 350 N Saint Paul St, Dallas, Texas 75201-4240. Service on Defendant is necessary at this time.

3. Discovery in this matter should be conducted under Level Two.

4. This Court has subject matter and personal jurisdiction. The matter in controversy is within the jurisdictional limits of the Court. Defendant engages in

Page 1 of 8

continuous and systematic contracts with the State of Texas and has purposefully availed itself of the privilege of conducting business inn the State of Texas.

5. Venue is proper in Erath County, Texas, under Sections 15.002(a)(1) and 15.011 because substantial events or omissions occurred in Erath County, Texas, and the real property involved in the matter is located in Erath County, Texas.

### Background

6. Through his Petition, plaintiff asserts claims against Allied for violations of the Texas Deceptive Trade Practices Act, for breach of contract, for breach of the duty of good faith and fair dealing and for negligence.

7. Defendant Allied Property and Casualty Insurance Company is a foreign insurance company which can be served through C T Corporation Systems. Service is necessary on Allied.

8. All conditions precedent to the filing of suit have been fulfilled by Plaintiff.

9. Prior to April 2015, Allied issued its insurance policy bearing number ACP CPPP 07216269563, the Policy, to Plaintiff, as the named insured, providing property and liability coverage for Plaintiff's commercial building and business real and personal property, including contents, located at 505 N Graham, Stephenville, Erath County, Texas. The Policy was effective on April 24, 2015, and at all relevant times.

10. On April 24, 2015, the Property suffered functional damage from a severe storm, including hail damage, which is the basis for claims against Defendant.

11. Allied has failed to properly investigate the claim. The functional damage to the metal roof on each building requires replacement of the entire roofs.

12. Allied has failed to properly assess Plaintiff's damages. Plaintiff alleges the damages to the metal roof on the property are in an amount of approximately $51,000.00.

13. Allied's failures have directly and proximately caused additional damages to Plaintiff, including repeated interior water damage to the building and damage to personal and business property, including business files.

14. Plaintiff, at all relevant times, has held a valid and enforceable contract with Defendant.

15. Defendant has breached its contractual duties owed to Plaintiff.

16. Allied has failed to perform an adequate investigation and evaluation of Plaintiff's claim under the Policy.

17. The functional damage to Plaintiff's metal roofs and property includes damage that is obvious through proper inspection. The hail damage negatively affected the watershedding ability of the metal roofs on the Property. The hail damage shortened the life of the metal roofs on the Property.

18. The functional damage to the metal roofs includes hail impacts which dented joints on the metal roofs allowing water to penetrate the roof. The hail caused damage to the seams on the metal roofs on the Property which seams were broken, ruptured or disengaged by the hail.

19. The functional damage to the metal roofs includes hail impacts which separated the tape seal of the metal roof joints, which separations allow water to penetrate the roofs and also includes penetration of the coating causing loss of warranty.

20. Water penetrated the roofs on April 24, 2015, causing interior damage and damaging business personal property and files. Water has penetrated on multiple occasions. Plaintiff seeks damages for the costs of remediation.

21. Defendant's actions since April 24, 2015, are the direct and proximate cause of repeated damages from water penetration to the interior of the Property and to business personal property and files.

### BREACH OF CONTRACT

22. Plaintiff incorporates all other paragraphs of this Petition.

23. Plaintiff and Defendant have a valid and enforceable contract in the Policy.

24. Plaintiff has fully performed his obligations and duties under the Policy.

25. Defendant has breached its contractual obligations and duties under the Policy.

26. Plaintiff is entitled to damages for Defendant's breach or breaches of contract in amounts within the jurisdictional limits of the Court including (a) losses covered by the Policy for real and personal property damages, (b) consequential or compensatory damages, including loss of use of the property and loss of business income, and © any additional damages to which the evidence proves Plaintiff is entitled to recover.

27. Plaintiff has presented his claims to Defendant in writing and Defendant has refused to pay the claims. Plaintiff is entitled to recover a reasonable attorney fee for trial and any appeal and his costs of court, along with pre- and post-judgment interest.

## BREACH OF DUTY OF GOOD FAITH

28. Plaintiff incorporates all other paragraphs of this Petition.

29. Defendant has a duty of good faith and fair dealing as imposed by the common law or statute.

30. Defendant has breached its duty of good faith and fair dealing by failing or refusing to properly investigate, assess and pay Plaintiff's claim.

31. Defendant has failed to perform an adequate investigation and evaluation of Plaintiff's claim under the Policy.

32. Defendant has denied or delayed payment to Plaintiff of benefits under the Policy without a reasonable basis for the denial or delay.

33. Defendant has failed or refused to settle Plaintiff's claim even though Defendant knew or should have known that Plaintiff's claim was a valid claim under the Policy.

34. Defendant has negligently or intentionally processed Plaintiff's claim in an ingenuous manner to provide a superficial basis to deny coverage under the Policy.

35. Defendant has refused or failed to provide benefits to Plaintiff under the Policy to which Plaintiff is and has been entitled.

36. Plaintiff is entitled to damages for Defendant's breach or breaches of contract in amounts within the jurisdictional limits of the Court including (a) losses covered by the Policy for real and personal property damages, (b) consequential or compensatory damages, including loss of use of the property and loss of business income, and © any additional damages to which the evidence proves Plaintiff is entitled to recover.

37. Plaintiff has presented his claims to Defendant in writing and Defendant has refused to pay the claims. Plaintiff is entitled to recover a reasonable attorney fee for trial and any appeal and his costs of court, along with pre- and post-judgment interest.

38. Defendant has acted with wilfulness, wantonness or malice and Plaintiff is entitled to recover exemplary damages.

### VIOLATIONS OF THE TEXAS DECEPTIVE TRADE AND CONSUMER PROTECTION ACT

39. Plaintiff incorporates all other paragraphs of this Petition.

40. Plaintiff would show that Defendant has engaged in unfair settlement practices as described in Section 541.060 of the Texas Insurance Code with respect to the remaining components of Plaintiff's claim by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim under the Policy when liability became reasonably clear; failing to provide promptly to Plaintiff a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the denial of Plaintiff's claim; for refusing to pay Plaintiffs claim without conducting a reasonable investigation with respect to the claim; and/or misrepresenting a material fact to Plaintiff.

41. Plaintiff would further show that he is a consumer within the meaning of Tex. Bus. & Com. Code §17.41 et seq., the Deceptive Trade Practices - Consumer Protection Act (DPA"), and may maintain an action against Defendant under Section 17.50 of the DPA for the use or employment of acts and practices in violation of Chapter 541 of the Texas Insurance Code.

42. Texas Insurance Code Sections 541.151-. 152 provide that any person who has sustained actual damages caused by an unfair or deceptive act or practice in the

business of insurance may maintain an action for the amount of actual damages plus court costs and reasonable and necessary attorneys' fees, and that if the trier of fact finds that the acts complained of were committed knowingly, the trier of fact may award not more than three times the amount of actual damages.

43. Section 17.50(b) provides that a consumer who prevails in an action under the DPA may obtain the amount of economic damages found by the trier of fact and that if the trier of fact finds that the conduct complained of was committed knowingly or intentionally, the consumer may also be awarded not more than three times the amount of economic damages. Each consumer who prevails shall be awarded court costs and reasonable and necessary attorney's fees.

44. As a prerequisite to filing suit under Chapter 541 of the Texas Insurance Code and Section 17.50(b) of the DPA, Plaintiff has provided Defendant with 60 days' prior written notice advising Defendant of Plaintiff's specific complaint and the damages and expenses, including attorneys' fees, reasonably incurred in asserting the claim.

45. Pursuant to the Texas Insurance Code and the DPA, Plaintiff sues Defendant for (a) losses Plaintiff is entitled to recover under the Policy in an amount in excess of the minimum jurisdictional limits of the Court; (b) consequential and compensatory damages for the loss of use and enjoyment and benefits to be derived from the Property and the business which continue to accrue; and (3) any additional damages to which Plaintiff is entitled and treble damages for conduct committed knowingly or intentionally as found by the trier of fact; and (4) reasonable and necessary attorneys' fees, costs of court and pre- and post-judgment interest.

Page 7 of 8

## NEGLIGENCE

46. Plaintiff incorporates all other paragraphs of this Petition.

47. Defendant has acted negligently toward Plaintiff. Defendant's negligence proximately caused damages to Plaintiff in an amount to be proven at trial.

48. Defendant's negligence includes without limitation negligent investigation, evaluation and processing of Plaintiff's claim, including the failure to obtain a proper investigation of the obvious functional damage to the metal roof, the failure to properly assess and pay Plaintiff's damages.

WHEREFORE, Plaintiff would respectfully request the Court, upon notice and hearing or trial, to award Plaintiff judgment against Defendant:

1. in the amount of compensatory damages to be proven at trial including the amount of approximately $51,000.00 for the replacement of the metal roof,

2. in the amount of treble damages as proven at trial,

3. for exemplary damages as proven at trial,

4. for pre- and post-judgment interest at the highest rates allowed by law,

5. for a reasonable attorney's fee, costs of court, and for all other proper general relief.

Respectfully submitted,

/s/Kent Canada

Kent Canada
Attorney for Plaintiff
1900 Preston Road #267
Plano, Texas 75093
SBN: 03733720
214-632-7228; 800-425-5059 telecopy
attorney@kentcanadalaw.com

CERTIFIED MAIL
Case 4:17-cv-00341-A   Document 1-1   Filed 04/21/17   Page 14 of 14   PageID 18

neopost
03/28/2017
US POSTAGE    $05.47⁰

ZIP 76401
041L13804923